NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

## THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GIC LOGISTIC INC., a Wisconsin corporation; ION CHISTRUGA, an individual; and NINA CHISTRUGA, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY (2 COUNTS)** |

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant GIC Logistic Inc. ("GIC") is, and at all times relevant to this action was, a Wisconsin corporation with its principal place of business in the County of Columbia, State of Wisconsin.

3. Defendant Ion Chistruga ("Ion"), an individual, is, and at all times relevant to this action was, a resident of the County of Columbia, State of Wisconsin, and was an officer, director, shareholder, agent and/or owner of Defendant GIC. Based on information and belief, including the Driver's License submitted by Ion to Balboa, Ion is domiciled in Wisconsin Dells, WI 53965.

4. Defendant Nina Chistruga ("Nina") (collectively with GIC and Ion, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Columbia, State of Wisconsin, and was an officer, director, shareholder, agent and/or owner of Defendant GIC. Based on information and belief, including the Driver's License submitted by Nina to Balboa, Nina is domiciled in Wisconsin Dells, WI 53965.

5. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and

believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and the Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California. In addition, each Equipment Financing Agreement provides, in pertinent part, as follows:

> **25. GENERAL.** … THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF CALIFORNIA. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND [sic] AGRESS THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; GIC is a citizen of the State of Wisconsin; Ion is a citizen of the State of Wisconsin; and Nina is a citizen of the State of Wisconsin. As such, neither GIC, Nina, nor Ion are citizens of Georgia or California, and there exists complete diversity of citizenship between Plaintiff and Defendants. Finally, as alleged herein, the amount in controversy exceeds $75,000.

10. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION
### (Breach of Equipment Financing Agreement)
### (Against GIC)

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. Prior to July 2023, Balboa is informed and believes that GIC initiated and engaged with Richie Bros. Financial Services LTD., located at 9500 Glenlyon Parkway Burnaby, BC V5J 0C6 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral") for its business. The Equipment Vendor worked with GIC in the selection of the Collateral and in coordinating its delivery.

14. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of GIC's electronic credit application to Balboa and other financial institutions. Upon review, GIC concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from GIC to finance the Collateral being supplied by the Equipment Vendor.

15. On or about July 26, 2023, GIC executed a certain written Equipment Financing Agreement No. 450001-001 (the "EFA"), under the terms of which Balboa loaned to GIC the sum of Two Hundred Eighty-Six Thousand One Hundred

Sixty-Six Dollars and Zero Cents ($286,166.00) in order to finance the Collateral for its business.  The EFA required GIC to make sixty (60) monthly payments of $5,933.39, payable on the 29th day of each month beginning August 29, 2023.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16. The last payment received by Balboa was credited toward the monthly payment due for February 28, 2025.  Therefore, on or about March 29, 2025, GIC breached the EFA by failing to make the monthly payment due on that date.  GIC's failure to make timely payments is a default under the terms of the EFA.

17. In accordance with the EFA, and as a proximate result of GIC's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa.  Therefore, there became due the sum of **$208,055.40**.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by GIC.

18. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of GIC.

19. As a proximate result of GIC's breach of the EFA, Balboa has been damaged in the total sum of $208,055.40, plus prejudgment interest from March 29, 2025, until the entry of judgment herein.

20. Further, under the terms of the EFA, GIC promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against GIC.

21. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to

the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty No. 1)

### (Against Ion)

22. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

23. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with GIC, Ion personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA.  A true and correct copy of the written Personal Guaranty signed by Ion ("Guaranty No. 1") is attached as **Exhibit B** and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 1, except as excused or prevented by the conduct of Ion.

25. Following a default by GIC under the terms of the EFA, Balboa demanded Ion make the payments required under the EFA.  Ion failed to meet Guaranty No. 1 obligations and make the payments required under the EFA.

26. Pursuant to the terms of Guaranty No. 1, the sum of **$208,055.40**, plus prejudgment interest from March 29, 2025, is due and payable to Balboa from Ion.  This Complaint, in addition to previous demands, shall constitute further demand upon Ion to pay the entire indebtedness due and owing from GIC to Balboa under the terms of the EFA.

27. Under the terms of Guaranty No. 1, Ion promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and Guaranty No. 1.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Ion.

## THIRD CAUSE OF ACTION

### (Breach of Personal Guaranty No. 2)

### (Against Nina)

28. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

29. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with GIC, Nina personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Nina ("Guaranty No. 2") is attached as **Exhibit C** and incorporated herein by reference.

30. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 2, except as excused or prevented by the conduct of Nina.

31. Following a default by GIC under the terms of the EFA, Balboa demanded Nina make the payments required under the EFA. Nina failed to meet Guaranty No. 2 obligations and make the payments required under the EFA.

32. Pursuant to the terms of Guaranty No. 2, the sum of **$208,055.40**, plus prejudgment interest from March 29, 2025, is due and payable to Balboa from Nina. This Complaint, in addition to previous demands, shall constitute further demand upon Nina to pay the entire indebtedness due and owing from GIC to Balboa under the terms of the EFA.

33. Under the terms of Guaranty No. 2, Nina promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and Guaranty No. 2. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Nina.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**On All Causes of Action:**

1. The sum of $208,055.40;

2. Prejudgment interest from March 29, 2025, to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED: May 7, 2025

SALISIAN | LEE LLP

By: _____
Jared T. Densen
Patty W. Chen
Neal S. Salisian

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION