# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| AMERIS BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>GIC LOGISTICS INC. et al.,<br><br>    Defendants. | Case No. SA CV 25-00963-DFM<br><br>Order Granting Motion for Default Judgment (Dkt. 19) |

## I.  INTRODUCTION

Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Ameris") sued Defendants GIC Logistics, Inc. ("GIC"), Ion Chistruga ("Ion"), and Nina Chistruga ("Nina") (collectively, "Defendants"), alleging that GIC breached Equipment Financing Agreement No. 450001-001 ("the EFA"), and Ion and Nina breached their obligations as guarantors. See Dkt. 7 ("FAC"). Ameris moves for entry of default judgment against Defendants. See Dkt. 19 ("Mot."). Defendants did not file an opposition.

The Court deems this matter appropriate for decision without oral argument and VACATES the hearing set for September 16, 2025. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court GRANTS Ameris's Motion.

## II.  BACKGROUND

Ameris and Defendants entered into the EFA on July 26, 2023. See Dkt. 19-1, Declaration of Don Ngo ("Ngo Decl.") ¶ 3, Ex. A (EFA). Under the terms of the EFA, Ameris loaned to GIC the sum of $286,166.00 to finance equipment for its business. See id. Ion personally guaranteed payment of then and future indebtedness due and owning to Ameris under the terms of the EFA. See id. ¶ 4, Ex. B ("Guaranty No. 1") Nina did as well. See id. ¶ 5, Ex. C. ("Guaranty No. 2").

Under the EFA, GIC was required to make sixty (60) monthly payments of $5,933.39, beginning on August 29, 2023. See id. ¶ 6, Ex. A. The last payment received by Ameris was credited toward the payment due for February 28, 2025. See id., Ex. D. On March 29, 2025, GIC breached the EFA, Ion breached Guaranty No. 1, and Nina breached Guaranty No. 2. See id. At the time of Defendants' default there remained forty-two (42) monthly payments, for a total of $208,055.40 due to Ameris. See id. ¶ 7. Following default, Ameris repossessed and sold the collateral, and has credited Defendants' account in the amount of $64,846.25. See id. ¶ 8. As such, $143,209.15 remains due to Ameris. See id. Ameris also seeks prejudgment interest in the amount of $6,747.56, attorneys' fees in the amount of $6,464.18, and costs in the amount of $780.00. See Mot. at 8.

Ameris filed the FAC on May 21, 2025, and served it on June 16, 2025. See Dkts. 10-12. On July 9, 2025, Ameris filed its Request for Clerk to Enter Default against Defendants, which the Clerk did on July 10, 2025. See Dkts. 14, 16. Ameris now moves for entry of default judgment.

## III.  LEGAL STANDARD

Rule 55(b) authorizes a district court to grant a default judgment after the Clerk enters a default under Rule 55(a). See Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must

satisfy the procedural requirements set forth in Rules 54(c) and 55, and Central District Local Rules 55-1 and 55-2. However, even if these procedural requirements are satisfied, the district court's decision whether to enter a default judgment "is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Once the Clerk enters a default, the defendant's liability is established, and the well-pleaded factual allegations in the plaintiff's complaint will be taken as true, except those pertaining to damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). The court need not make detailed findings of fact in the event of default, except as to damages. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990).

## IV.   DISCUSSION

Ameris satisfies the procedural requirements for default judgment and establishes that entry of default judgment is appropriate.

### A.   Procedural Requirements

Local Rule 55-1 requires that the movant establish: (1) when and against which party default was entered; (2) the pleading as to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). Rule 55(b)(2) requires written notice on the defaulting party if that party "has appeared personally or by a representative."

Ameris satisfies these requirements. On August 13, 2025, the Clerk entered default against GIC, Ion, and Nina for their failure to respond to the FAC. See Dkt. 18. Ameris asserts that Defendants are not minors or incompetent persons, and the Servicemembers Civil Relief Act does not apply. See Dkt. 19-2, Declaration of Jared T. Densen ("Densen Decl.") ¶ 4. Finally,

Ameris served Defendants with written notice of the Motion for Default Judgment. See id. ¶ 11; Dkt. 19-4 (Proof of Service).

**B.    *Eitel* Factors**

In determining whether entry of default judgment is warranted, courts consider the "Eitel factors": (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a material factual dispute; (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "Of all the Eitel factors, courts often consider the second and third factors to be the most important." Vietnam Reform Party v. Viet Tan-Vietnam Reform Party, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted). Accordingly, the Court considers these two factors first.

The second and third Eitel factors require a plaintiff to "state a claim on which the plaintiff may recover." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Although well-pleaded allegations are taken as true, "claims which are legally insufficient[ ] are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

The elements for a breach of contract are: "(1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Piedmont Cap. Mgmt., L.L.C. v. McElfish, 94 Cal. App. 5th 961, 968 (2023) (citation omitted). Ameris and Defendants entered into the EFA, under which Ameris loaned to GIC the sum of $286,166.00 in order to finance equipment. See FAC ¶ 15; Ngo Decl. ¶ 3, Ex. A. Ion and Nina each personally guaranteed, in writing, the payments of existing and future indebtedness due and owing to

Ameris under the terms of the EFA via Guaranty Nos. 1 and 2. See FAC ¶¶ 23, 29; Ngo Decl. ¶¶ 4-5, Exs. B, C. Ameris pleads, and the evidence supports, that on March 29, 2025, GIC breached the EFA, Ion breached Guaranty No. 1, and Nina breached Guaranty No. 2. See Ngo Decl. ¶ 6 & Ex. D (Accounting Records). Following Defendants' default, Ameris repossessed and sold the collateral and thus $143,209.15 remains due to Ameris. See id. ¶ 8. The EFA provides that Ameris's attorneys' fees incurred in enforcing the EFA are recoverable. See EFA §§ 18-20; Densen Decl. ¶ 7.

The remaining Eitel factors weigh in favor of entering default judgment against Defendants. The first and fourth Eitel factors—possibility of prejudice and sum of money at stake—favor default judgment. Ameris would suffer prejudice absent entry of default judgment because it would have no recourse against Defendants' continuing default. And the sum of money Ameris seeks is provided for in the EFA. See EFA.

The fifth and sixth factors—possibility of dispute and excusable neglect—favor default judgment. Ameris's well-pleaded allegations are accepted as true on default and it has supported its claims with sufficient evidence. Further, Ameris properly served Defendants with the FAC and the Motion and there are no facts to suggest the possibility of excusable neglect.

The seventh factor—policy favoring decisions on the merits—always weighs in a defaulting defendant's favor. See Vietnam Reform Party, 416 F. Supp. 3d 948 at 470. However, because Defendants' failure to appear in this action prevents the Court from reaching a decision on the merits, this factor does not prevent the Court from entering judgment by default. See Duralar Techs. LLC v. Plasma Coating Techs., Inc., 848 F. App'x 252, 255 (9th Cir. 2021) (affirming entry of default judgment where all factors except the seventh weighed in the plaintiff's favor).

In sum, the Eitel factors strongly weigh in favor of entering default judgment against GIC for breaching the EFA and Ion and Nina for breaching their obligations as guarantors.

## C. Requested Relief

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Ameris seeks payment in the amount of $157,200.89 consisting of:

- $208,055.40 for forty-two (42) months of unpaid obligations, minus $64,846.25 in sold collateral, for a total of $143,209.15;
- $6,747.56 in prejudgment interest;
- $6,464.18 in attorneys' fees; and
- $780.00 in costs.

See Mot. at 20; Ngo Decl. ¶¶ 7-9; Densen Decl. ¶¶ 5-7.

First, Ameris requests judgment against Defendants for $208,055.40 for forty-two (42) months of unpaid obligations. See Mot. at 19. The EFA required GIC to make sixty (60) monthly payments of $5,933.39, payable on the 29th day of each month beginning August 29, 2023. See FAC ¶ 15; EFA. At the time of Defendants' default, there remained forty-two (42) monthly payments, for a total of $208,055.04. See Ngo Decl. ¶ 7. Following Defendants default, Ameris repossessed and sold the collateral, and credited Defendants' account in the amount of $64,846.25. See id. ¶ 8. As such, Ameris is entitled to $143,209.15 for breach of the EFA. See id.

Second, Ameris seeks prejudgment interest at a rate of ten percent per annum, starting from the date of Defendants' breach continuing through the date noticed for the hearing of this Motion. See Mot. at 20. Under California law, a "person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from

that day." Cal. Civ. Code § 3287(a). For contracts entered into after January 1, 1986, that do not stipulate a legal rate of interest, "the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b).

Ameris is entitled to prejudgment interest. The Court awards prejudgment interest to Ameris at a rate of ten percent per annum through and including the entry date of judgment on the principal amount of $143,209.15. As of the date of this Order, Ameris Bank is entitled to $6,002.19 in prejudgment interest.

Third, Ameris seeks attorneys' fees in the amount of $6,464.18. See Mot. at 20. As a general matter, district courts only award attorneys' fees if an independent basis exists for the award. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-59 (1975). Under the EFA, Defendants agreed to pay Ameris "its costs and expenses including repossession and attorneys' fees and court costs, incurred by Creditor in enforcing this agreement." EFA § 18.

When the judgment amount is over $100,000 and "a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees," Local Rule 55-3 provides that the attorneys' fees shall be calculated" as "$5,600 plus 2% of the amount over $100,000." This formula "shall be applied to the amount of the judgment exclusive of costs." Id. Ameris Bank is entitled to recover $143,209.15 in principal damages, yielding a total of $6,464.18 in attorneys' fees.

Fourth, Ameris seeks $780.00 in costs—$405 for filing of the FAC, $125.00 for service upon GIC, $125.00 for service upon Ion, and $125 for service upon Nina. See Mot. at 20. Ameris has provided support for these costs and so the Court will award $780.00 in costs. See Densen Decl. ¶ 7; Ex. F (Proof of Costs).

## V. CONCLUSION

Ameris's Motion is GRANTED. Judgment shall be entered awarding the following:

-Principal damages in the amount of $143,209.15.

-Prejudgment interest in the amount of $6,002.19.

-Attorneys' fees in the amount of $6,464.18.

-Costs in the amount of $780.00.

IT IS SO ORDERED.

Date: September 3, 2025

DOUGLAS F. McCORMICK
United States Magistrate Judge